**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHN SCOTT, JR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-2181** |
| **WEEKS MARINE, INC** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Plaintiff's motion for partial summary judgment. R. Doc. 17. Defendant has responded in opposition. R. Doc. 18. Having considered the parties' briefs and the applicable law, the Court issues this Order & Reasons.

I. **BACKGROUND**

This case arises from injuries Plaintiff John Scott, Jr. ("Scott") allegedly sustained while delivering a package to Defendant Weeks Marine, Inc. ("Weeks Marine"). R. Doc. 1-1 at 2. Plaintiff brought this action in state court in the 32nd Judicial District Court in Terrebonne Parrish and Defendant removed to this Court on the basis of diversity. R. Doc. 1 at 1. Plaintiff is a citizen of Louisiana and Defendant is a citizen of New Jersey. *Id.* at 2. Defendant asserts that the amount in controversy exceeds $75,000. *Id.* at 3.

Plaintiff alleges that he sustained severe personal injuries as a result of Defendant's employees' negligence. R. Doc. 1-1 at 4. Plaintiff was employed by UPS as a delivery driver. *Id.* at 2. Plaintiff asserts he was delivering a package of a 500 pound piece of industrial furniture when Defendant's employee negligently operated a forklift, causing the package to fall on Plaintiff's

1

hand.¹ *Id*. at 3-4. Plaintiff experienced immediate and severe pain and continues to have pain and swelling in his hand. *Id.* at 3. He has undergone significant physical therapy and is currently treating with a hand specialist. *Id*. Plaintiff claims as a result of the alleged accident he suffered severe physical pain and disability, mental anguish, medical expenses, disfigurement, lost wages, and lost earning potential. *Id.* Plaintiff therefore seeks damages for those injuries in addition to exemplary damages and attorney's fees. *Id.* at 4.

Defendant timely answers and denies all allegations in Plaintiff's complaint. R. Doc. 6 at 1-2. Defendant also asserts Plaintiff failed to state a cause of action upon which relief can be granted. *Id.* at 2. Defendant avers that any injuries were caused by Plaintiff's own negligence. *Id.*

## II.  PENDING MOTION

Plaintiff moves for partial summary judgment on the liability issue. R. Doc. 17. Plaintiff avers that Defendant is liable under either Plaintiff's or Defendant's description of the facts. R. Doc. 17-3 at 3. Therefore, Plaintiff argues that there is no genuine issue of material fact regarding liability. R. Doc. 17-3 at 4.

Plaintiff explains that under Defendant's description of the facts, Plaintiff was inside his delivery truck at the time the furniture fell and Plaintiff's hand was crushed between the furniture and the wall of the truck. R. Doc. 17-3 at 6-7. Plaintiff alleges that under this scenario Defendant is solely liable for his injuries because Defendant is liable for the negligence of its employees. R. Doc. 17-3 at 6. Plaintiff argues that Defendant's employee negligently operated the forklift while removing the furniture, failed to determine Plaintiff's location in the truck before moving the furniture, and created an unreasonable risk of harm to Plaintiff. R. Doc. 17-3 at 8.

---

¹ Based on the complaint, it seems like there was some conflict between the two employees. Plaintiff alleges that "As usual, [Defendant] made Scott wait approximately fifteen minutes before he began unloading the delivery . . . [Defendant] grabbed his hardhat and stormed off to the forklift." R. Doc. 1-1 at 3.

Under Plaintiff's description of the facts, Plaintiff was outside his delivery truck at the time of the incident. R. Doc. 17-3 at 10. Plaintiff alleges that Defendant's employee was irritated at having to unload the furniture and operated the forklift in anger. R. Doc. 17-3 at 12. Plaintiff alleges that Defendant negligently operated the forklift and failed to follow Defendant's policies and procedures for unloading deliveries. R. Doc. 17-3 at 12. Therefore, Plaintiff asks the Court for summary judgment as to liability. R. Doc. 17.

Defendant responds in opposition. R. Doc. 18. Weeks Marine argues that in either version of the accident there are genuine issues of material fact as the how the accident happened and whether Plaintiff was at fault. R. Doc. 18. First, Weeks Marine argues that it is disputed whether Plaintiff communicated with Defendant's employee during the unloading of the cabinet, whether the pallet broke during the delivery, and whether the cabinet fell to the ground. R. Doc. 18 at 5. Weeks Marine also argues that under Plaintiff's version of the facts Plaintiff is partially at fault for taking control of and directing the movement of the cabinet. R. Doc. 18 at 4. Second, Defendant argues that in either version of the facts Plaintiff is at fault for grabbing the cabinet. R. Doc. 18 at 6.

## III. LAW & ANALYSIS

### a. Summary Judgment Standard (Fed. R. Civ. Pro. 56)

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

3

essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

b. **Discussion**

Here, there are several substantial disagreements regarding how the Plaintiff was injured that create issues of fact for the Court. Plaintiff argues that these fact issues are not material because they are not relevant to the legal issue of liability. However, the Court disagrees and finds that the facts of how the injury happened, particularly the manner in which the Defendant operated the forklift to unload the cabinet and where Plaintiff was located at the time of the incident, are material to the determination of liability and contributory negligence. Therefore, the

Court finds that the issue of liability is not ripe for summary judgment at this time.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for partial summary judgment, R. Doc. 17, is hereby **DENIED**.

New Orleans, Louisiana, this 16th day of March, 2018.

_____
UNITED STATES DISTRICT JUDGE