# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN SCOTT, JR | CIVIL ACTION |
| VERSUS | NO. 17-2181 |
| WEEKS MARINE, INC | SECTION "L" (2) |

## ORDER & REASONS

Before this Court is Plaintiff's motion to strike, R. Doc. 37. Having spoken with the parties and considered the applicable law, the Court issues this Order & Reasons.

**I. BACKGROUND**

This case arises from injuries Plaintiff John Scott, Jr. ("Scott") allegedly sustained while delivering a package to Defendant Weeks Marine, Inc. ("Weeks"). R. Doc. 1-1 at 2. Plaintiff brought this action in state court in the 32nd Judicial District Court in Terrebonne Parrish and Defendant removed to this Court on the basis of diversity. R. Doc. 1 at 1. Plaintiff is a citizen of Louisiana and Defendant is a citizen of New Jersey. *Id.* at 2. Defendant asserts that the amount in controversy exceeds $75,000. *Id.* at 3.

Plaintiff alleges that he sustained severe personal injuries as a result of Defendant's employees' negligence. R. Doc. 1-1 at 4. Plaintiff was employed by UPS as a delivery driver. *Id.* at 2. Plaintiff asserts he was delivering a package of a 500 pound piece of industrial furniture when Defendant's employee negligently operated a forklift, causing the package to fall on Plaintiff's

hand.¹ *Id*. at 3-4. Plaintiff experienced immediate and severe pain and continues to have pain and swelling in his hand. *Id.* at 3. He has undergone significant physical therapy and is currently treating with a hand specialist. *Id*. Plaintiff claims as a result of the alleged accident he suffered severe physical pain and disability, mental anguish, medical expenses, disfigurement, lost wages, and lost earning potential. *Id.* Plaintiff therefore seeks damages for those injuries in addition to exemplary damages and attorney's fees. *Id.* at 4.

Defendant timely answers and denies all allegations in Plaintiff's complaint. R. Doc. 6 at 1-2. Defendant also asserts Plaintiff failed to state a cause of action upon which relief can be granted. *Id.* at 2. Defendant avers that any injuries were caused by Plaintiff's own negligence. *Id.*

## II. PRESENT MOTION

Plaintiff moves to strike Defendant's affirmative defense, intentional action. R. Doc. 37. In the Proposed Pretrial Order Defendant mentions the potential intentional act of Justin Self to injure Plaintiff John Scott. R. Doc. 34 at 8. Plaintiff alleges that this is the first time Defendant has raised this affirmative defense. R. Doc. 37.

## III. LAW & ANALYSIS

When "responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. Pro. 8(c)(1). "Failure to timely plead an affirmative defense may result in waiver and the exclusion of the defense from the case." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 399 (5th Cir. 2014). When sitting in diversity, the district court uses the substantive law of the state to determine whether a particular defense is affirmative. *Id.* The Louisiana Code of Civil Procedure contains an illustrative list of affirmative defenses: "The

---

¹ Based on the complaint, it seems like there was some conflict between the two employees. Plaintiff alleges that "As usual, [Defendant] made Scott wait approximately fifteen minutes before he began unloading the delivery . . . [Defendant] grabbed his hardhat and stormed off to the forklift." R. Doc. 1-1 at 3.

answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense." La. Code Civ. Proc. art. 1005; *see also LSREF2 Baron*, 751 F.3d at 399. The Fifth Circuit states that whether a defense is affirmative requires "a fact-specific inquiry, dependent on the circumstances of the case." *LSREF2 Baron*, 751 F.3d at 399. "An affirmative defense 'raises a new matter, which assuming the allegations in the petition are true, constitutes a defense to the action.'" *Id.* (quoting *Bienvenu v. Allstate Ins. Co.*, 819 So.2d 1077, 1080 (La. Ct. App. 2002).

Here, an intentional act defense falls into the category of "fault of others" and is an affirmative defense under Louisiana Code of Civil Procedure art. 1005. Defendant had sufficient time to raise such a defense prior to the pretrial order and it is now untimely. Therefore, Defendant is not permitted to raise the intentional action affirmative defense at this time. However, the Court recognizes that it may have some relevance on whether or not Plaintiff can prove Defendant's negligence based on a respondeat superior theory. To this extent, the intent of the employee may be relevant and admissible.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to strike, R. Doc. 37, is hereby **GRANTED**.

New Orleans, Louisiana this 23rd day of April, 2018.

UNITED STATES DISTRICT JUDGE